```
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                         CENTRAL DIVISION
_____

KARL GRANT LOSEE,              )
                               )
          Petitioner,          )   Case No. 2:08-CV-188 TC
                               )
     v.                        )   District Judge Tena Campbell
                               )
STEVE TURLEY,                  )   MEMORANDUM DECISION
                               )
          Respondent.          )
_____
```

Petitioner, Karl Grant Losee, an inmate at Utah State Prison, requests habeas corpus relief.[1]  The Court denies him.

BACKGROUND

On March 21, 2007, Petitioner's state judgment of conviction was entered for aggravated burglary, a first-degree felony, with a five-year-to-life sentence, and aggravated assault, a third-degree felony, with a not-more-than-five-year sentence. Petitioner did not file a motion to withdraw his guilty plea, a direct appeal, or a state petition for post-conviction relief.

He raises the following issues:  (1) ineffective assistance of counsel, (2) conviction based on coerced confession, (3) judicial prejudice, (4) prosecutorial misconduct, and (5) double jeopardy.

---

[1]*See* 28 U.S.C.S. § 2254 (2009).

ANALYSIS

I. Procedural Default

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system.[2]  To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  However, because Petitioner neither directly appealed nor filed for state-post-conviction relief, he raised before the Utah Supreme Court none of the claims he asserts here.  His claims are thus unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[4]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground

---

[2] *See* 28 U.S.C.S. § 2254(b) & (c) (2009); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998).

[3] *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3.

[4] *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

that . . . (c) could have been but was not raised . . . on appeal; (d) . . . could have been, but was not, raised in a previous request for post-conviction relief; or (e) is barred by the [one-year] limitation period . . . ."[5]  The grounds Petitioner raises could have been raised in a motion to withdraw his guilty plea or on direct appeal or in a petition for state post-conviction relief, but were not.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the last day for filing an appeal."[6]  So, even if Petitioner were to try now to file a state post-conviction-relief petition to effect exhaustion of any of these issues, the statute of limitation has run out and such a petition would not be accepted (barring some possible extreme exceptional circumstance that has not been brought to this Court's attention).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[7]  Petitioner argues both cause and prejudice and a

---

[5] Utah Code Ann. § 78B-9-106(1) (2009); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .") (citation omitted).

[6] Utah Code Ann. § 78B-9-107 (2009).

[7] *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

fundamental miscarriage of justice to justify his procedural default.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[8]  Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[9]

Petitioner's first argument--the futility of further pursuing his claims to the Utah Supreme Court--contains nothing but vague and unsupported assertions of bad faith.  These do not sustain Petitioner's burden to show that objective factors external to the defense hindered him in meeting state procedural demands.  Nor do they at all hint how he was actually and substantially disadvantaged.

Petitioner's other argument about his lack of legal knowledge likewise forms no basis for cause.[10]  This is a factor

---

[8] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[9] *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[10] *Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims).

*internal* to his defense.  Another rather circular argument about ineffective assistance fails too.  As mentioned above, ineffective assistance in Petitioner's criminal proceedings must have been raised in the state courts to qualify for federal habeas consideration and does not provide an excuse for not raising it, with different counsel or pro se, on direct appeal or on state habeas review.  Further, any suggestion that ineffective assistance of counsel prejudicially hampered Petitioner in any habeas cause "is unavailing because there is no right to counsel in post-conviction proceedings."[11]

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition.  To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[12]  Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[13]  Petitioner is burdened with making "a proper showing of factual innocence."[14]

First, Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do

---

[11] *Savage v. Trani*, No. 08-1358, 2009 WL 722632, at *1 (10th Cir. Mar. 17, 2009) (citing *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006)).

[12] Calderon v. Thompson, 523 U.S. 538, 559 (1998).

[13] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[14] *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

5

nothing to convince this Court that the exception applies. Second, his statement that he is innocent because his "transient global amnesia" keeps him from remembering the crime is not the necessary assertion of "factual innocence."  Instead, he is essentially saying that, even if he did commit the crime, he does not remember it and that serves as the basis for a valid defense or finding of legal innocence.  But, "'the miscarriage of justice exception is concerned with *actual* as compared to *legal* innocence.'"[15]

In sum, the Court determines Petitioner raised before the Utah Supreme Court none of the issues brought in this petition. Because under state law those questions may no longer be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

## II. Other Matters

### A. Double-Jeopardy Issue

Petitioner argues that he was subjected to double jeopardy when, after pleading guilty to the charges at issue in this petition, he was later charged in a separate state criminal case with soliciting homicide and aggravated murder.  The petition

---

[15]*Calderon*, 523 U.S. at 559 (citation omitted & emphasis added).

here clearly states it is attacking only the first criminal case (# 061401032), not the second criminal case (# 061402369). With this one claim, regarding double jeopardy, Petitioner has confused the two cases. If Petitioner wants to raise the double-jeopardy claim in this Court, he must exhaust his state remedies in his second criminal case, then bring a timely federal habeas petition as to that case.

## B. Motion for Appointed Counsel

Next, the Court addresses Petitioner's motion for appointed counsel. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus case.[16] Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel.[17] However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition.[18]

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims.[19] Second, Petitioner has shown "the ability to investigate the

---

[16] *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998).

[17] *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts.

[18] *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2009).

[19] *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

facts necessary for [the] issues and to articulate them in a meaningful fashion."[20]  Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance."[21]  The Court thus denies Petitioner's motion for appointed counsel.

### C. Malfeasance-in-Office Complaints

Respondent has filed complaints of malfeasance in office, against the judge and prosecutor in his state criminal case.[22]  There is no mechanism in the federal habeas system by which to deal with these complaints.  Here, Petitioner may name only his custodian and attack the constitutionality of his conviction and/or sentencing.  The Court thus grants Respondent's motion to strike Petitioner's malfeasance-in-office complaints and denies Petitioner's motion to quash Respondent's motion to strike.

### CONCLUSION

IT IS ORDERED that this petition is DENIED because Petitioner's claims are procedurally barred and his double-jeopardy issue should be raised in a separate petition.

IT IS FURTHER ORDERED that Petitioner's motion for appointed counsel is DENIED.[23]

---

[20] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

[21] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

[22] *See* Docket Entry #s 4 & 11.

[23] *See* Docket Entry # 12.

IT IS FINALLY ORDERED that Respondent's motion to strike Petitioner's malfeasance-in-office complaints is GRANTED and Petitioner's motion to quash Respondent's motion to strike is DENIED.[24]

DATED this 17th day of September, 2009.

BY THE COURT:

*/s/ Tena Campbell*
_____
CHIEF JUDGE TENA CAMPBELL
United States District Court

---

[24]*See* Docket Entry #s 18 & 22.